1  HOYER & HICKS
   Richard A. Hoyer (SBN 151931)
2  rhoyer@hoyerlaw.com
   Ryan L. Hicks (SBN 260284)
3  rhicks@hoyerlaw.com
   4 Embarcadero Center, Suite 1400
4  San Francisco, CA  94111
   *tel* (415) 766-3539
5  *fax* (415) 276-1738

6  UNITED EMPLOYEES LAW GROUP, PC
   Walter Haines (SBN 71075)
7  walter@whaines.com
   5500 Bolsa Avenue, Suite 201
8  Huntington Beach, CA 92649
   *tel* (562) 256-1047
9  fax (562) 256-1006

10 Attorneys for Plaintiffs
   DAWN MAGEE, KIESHA MOORE, and ROBERT SMITH
11

12              UNITED STATES DISTRICT COURT

13             NORTHERN DISTRICT OF CALIFORNIA

14

| | |
|---|---|
| DAWN MAGEE, KIESHA MOORE, and ROBERT SMITH, on behalf of themselves and all others similarly situated, | Case No. |
| | **CLASS AND COLLECTIVE ACTION** |
| Plaintiffs, | **AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT** |
| vs. | **COMPLAINT FOR VIOLATIONS OF:** |
| AEG MANAGEMENT OAKLAND, LLC, and CONTEMPORARY SERVICES CORPORATION, | (1) **FAIR LABOR STANDARDS ACT;** (2) **CALIFORNIA LABOR CODE;** (3) **CALIFORNIA BUSINESS AND PROFESSIONS CODE;** |
| Defendants. | **DEMAND FOR A JURY TRIAL** |

        Plaintiffs  DAWN  MAGEE,  KIESHA  MOORE,  and  ROBERT  SMITH  (hereinafter

"Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their

attorneys,  bring  this  lawsuit  against  Defendants  AEG  MANAGEMENT  OAKLAND,  LLC

("AEG"),  and  CONTEMPORARY  SERVICES  CORPORATION  INC.  ("CSC;"  collectively

"Defendants") seeking to recover for violations of the Fair Labor Standards Act of 1938, 29

U.S.C. §§ 201 *et seq.* ("FLSA"), applicable California Labor Code provisions, applicable Industrial Welfare Commission ("IWC") Wage Orders, and the Unfair Business Practices Act, California Business and Professions Code §§ 17200, *et seq.* ("UCL"). Plaintiffs, on behalf of themselves and all others similarly situated, complain and allege as follows:

## INTRODUCTION

1.      This is a collective, class, and representative action complaint against Defendants to challenge their policies and practices of: (1) failing to pay their non-exempt security guards who work at events at the Oracle Arena and O.Co Coliseum in Oakland, CA for all hours worked, including overtime compensation, and minimum wage; (2) failing to authorize, permit, and/or make available to those employees the off-duty meal and rest periods to which they are entitled by law and failing to pay premium wages for these missed breaks; (3) failing to provide such employees with accurate, itemized wage statements; and (4) failing to pay all wages after those employees voluntarily or involuntarily terminated their employment with Defendants. Plaintiffs and the proposed collective and class are current and former non-exempt security guards who have performed work at the Oracle Arena and O.Co Coliseum in Oakland, CA during the applicable period as "24/7" security guards, "Event" security guards, and/or any other position that performed security and/or crowd management work for Defendants at those facilities. Plaintiff seeks to represent other current and former non-exempt security guards and crowd management employees who worked for Defendants in this collective and class action. Plaintiffs allege that Defendants have engaged in unlawful patterns and practices of failing to pay overtime pay as required by the FLSA and failing to meet the requirements of both the California Labor Code and California Business and Professions Code.

2.      Plaintiffs Magee and Smith regularly worked in excess of eight hours per day and forty hours per week without being provided overtime compensation when they performed work as "24/7" security guards. Due to Defendant AEG's failure to permit off-duty meal periods, any purported meal periods provided to "24/7" security guards must be considered hours worked, and paid, entitling such employees to overtime payment under the FLSA.

3.     Plaintiffs routinely worked in excess of five hours per day and were routinely denied timely and compliant meal and rest periods and the requisite pay for working through such breaks.

4.     Defendants routinely refuse to authorize, permit, and/or make available to Plaintiffs and those similarly situated timely and compliant off-duty thirty-minute meal periods as required by law. Under California law, generally, non-exempt employees are to receive one thirty-minute unpaid meal break before the conclusion of every five hours of labor performed. Defendants' policy violates California law in this respect.

5.     Defendants also routinely refuse to authorize or permit Plaintiffs and those similarly situated to take paid off-duty ten-minute rest periods as required by law. Under California law, non-exempt employees are to receive one paid ten-minute rest period for every four hours, or major fraction thereof, worked.

6.     Defendants engage in illegal behavior with respect to wage statements as well: failing to provide such employees with accurate, itemized wage statements.

7.      Defendants have also failed to pay all wages after these piece-rate employees voluntarily or involuntarily terminated their employment with Defendants.

8.     As a result of these violations, Defendants are liable for additional, various other penalties under the Labor Code and for violation of the Unfair Business Practices Act.

9.     Plaintiffs seek full compensation for all denied timely and compliant meal and rest periods, unpaid wages, including unpaid overtime and straight time wages, waiting time penalties, and premium pay. Plaintiffs also seek declaratory and injunctive relief, including restitution. Finally, Plaintiffs seek reasonable attorneys' fees and costs under the FLSA, California Labor Code, and California Code of Civil Procedure § 1021.5.

## JURISDICTION AND VENUE

10.     The FLSA authorizes private rights of action to recover damages for violation of the FLSA's wage and hour provisions. 29 U.S.C. § 216(b). This Court has original federal question jurisdiction under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the California state law claims under 28 U.S.C. § 1367(a) because they are so related to this

1  action that they form part of the same case or controversy.

2  11.    Venue in this district is proper pursuant to 28 U.S.C. § 1391(b). At all material times

3  Defendants have been actively conducting business in the State of California and within the

4  geographic area encompassing the Northern District of the State of California.

5  **PARTIES**

6  12.    The named Plaintiffs all reside in the state of California.

7  13.    Plaintiff Magee worked as a "24/7" security guard for Defendant AEG from January

8  2016 until August 2016 at the Oracle Arena and O.Co Coliseum facilities.

9  14.    Plaintiff Moore worked as an "Event Staff" security guard at the Oracle Arena and

10  O.Co Coliseum facilities for Defendants from approximately October 2016 through December

11  2016.

12  15.    Plaintiff Smith has worked as both a "24/7" security guard and also as an "Event Staff"

13  security guard at the Oracle Arena and O.Co Coliseum facilities for Defendant AEG since

14  approximately April 1991.

15  16.    On information and belief, Defendant AEG is a Delaware corporation. Its headquarters

16  are listed on the California Secretary of State website as 800 W Olympic Blvd., Suite 305,

17  Los Angeles, CA 90015. AEG does business in California and manages security at the Oracle

18  Arena and O.Co Coliseum during the applicable period. At all relevant times, Defendant AEG

19  has done business under the laws of California, has had places of business in the State of

20  California, including in this judicial district, and has employed Collective and Putative Class

21  Members in this judicial district. AEG is a "person" as defined in California Labor Code § 18

22  and California Business and Professions Code § 17201. Defendant is also an "employer" as

23  that term is used in the California Labor Code, the IWC's Wage Orders, and the FLSA.

24  17.    On information and belief, Defendant CSC is a California corporation. Its headquarters

25  are listed on the California Secretary of State website as 17101 Superior St., Northridge, CA

26  91325. CSC does business in California and performs security and crowd management

27  functions at a majority of the events the Oracle Arena and O.Co Coliseum during the

28  applicable period. At all relevant times, Defendant CSC has done business under the laws of

California, has had places of business in the State of California, including in this judicial district, and has employed Collective and Putative Class Members in this judicial district. CSC is a "person" as defined in California Labor Code § 18 and California Business and Professions Code § 17201. Defendant is also an "employer" as that term is used in the California Labor Code, the IWC's Wage Orders, and the FLSA.

18.     Plaintiffs are informed and believe, and on that basis allege, that, at all relevant times, each of the Defendants was the agent or employee of each of the remaining Defendants, and, in doing the things herein alleged was acting within the course and scope of such employment, and that Defendants authorized ratified, and approved, expressly or implicitly, all of the conduct alleged herein.

19.     At all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, co-conspirators, parent corporation, joint employers, alter ego, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

20.     Whenever and wherever reference is made in this Complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

21.     Plaintiff is informed and believes, and on that basis alleges that Defendant AEG controlled the meal and rest period practices and policies of Defendant CSC's employees who worked at the Oracle Arena and O.Co Coliseum during the applicable period, such that AEG is a joint employer of the CSC security guards for the purposes of the violations of the California Labor Code and UCL as alleged herein.

## **FACTUAL ALLEGATIONS**

22.     Defendants are in the business of providing security and crowd management services at events which take place at the Oracle Arena and O.Co Coliseum in Oakland, CA, like

sporting events, concerts, and other events. Defendants employ hundreds of security guards like Plaintiffs Smith and Moore to work at the events from hours before the events begin, until hours after the events end. Defendants provide these services at well over 150 events per year. All Event Staff security and crowd management personnel ultimately report to AEG's management at the facilities during events.

23.     Plaintiffs and the other Event Staff workers usually work a shift of more than five hours, and often work in excess of six hours. These workers are required to remain on duty throughout their shifts, unless and until a supervisor instructs another worker to come to the employee's post. AEG rules require all security and crowd management personnel (including the 24/7 security staff) to only take rest breaks in a single break-room on the property. If an employee is informed that they can take a break, they are informed that their break time begins as soon as they leave their post, even though they remain on duty during the time period that they are attempting to travel to the breakroom, interacting with persons attending the events. Defendants also permit the Event Staff employees to use the bathroom only during these purported breaks. Event Staff employees were required to request a rest period, instead of having regularly scheduled rest periods, and could only take a rest break if a manager gave them permission.

24.     As a result of these practices, the Event Staff workers are not authorized and permitted to take off-duty rest periods. Indeed, the vast majority of Event Staff workers are never provided with even a shortened non-compliant rest period at all during their shift, and are required to stay on their feet on their post during their entire shift. Defendants do not authorize or permit a second rest period during Event Staff shifts exceeding six hours. There are no methods for Event Staff to report a missed or otherwise non-compliant rest period, and no way to ensure payment of premium wages for a missed and/or non-compliant rest period.

25.     Defendants do not provide off-duty meal periods to the Event Staff workers who work shifts in excess of five hours, as the occasional single rest-period is all that is provided. There are no methods for Event Staff to report a missed or otherwise non-compliant meal period, and no way to ensure payment of premium wages for a missed and/or non-compliant meal

1    period.

2    26.    Defendant AEG also employs a number of "24/7" security guards to provide around-

3    the-clock security services at the facilities at various posts on the property. Plaintiffs Magee

4    and Smith both worked as 24/7 security during the applicable period. The rest period policies

5    and practices are the same for the 24/7 security staff as for the Event Staff as described

6    above. They must request and then be provided relief from a supervisor in order to travel to

7    the breakroom and take a purported rest period and use the restroom. Though supervisors

8    often tell the 24/7 security workers to take their rest periods at their post, they are

9    nevertheless required to remain vigilant and on duty whenever they are at their post.

10   27.    Defendant AEG's handbook indicates that any meal periods must be taken in the

11   breakroom on the premises. The policy does not permit 24/7 workers to leave the premises

12   and do whatever they want with their meal period. Hence the meal periods are on-duty and

13   must be compensated. Furthermore, AEG's meal period policy does not provide for a meal

14   period before the end of the fifth hour of work, and a majority of meal periods are untimely.

15   Furthermore, AEG considers time travelling from a 24/7 post to the breakroom to be part of

16   the meal period, such that 24/7 security never receive a full thirty minutes off-duty to actually

17   eat.

18   28.    While the 24/7 workers clock in and out at the beginning of their shift with an ID badge,

19   they do not clock in or out for meal periods. Instead, supervisors require them to fill out a

20   report sheet, and complete it in a way that avoids meal period premiums, regardless of

21   whether a timely off-duty meal period was provided (which cannot happen since 24/7 workers

22   must remain on the premises for any time eating).

23   29.    The 24/7 security workers are scheduled for 8.5-hour shifts, five-days per week. As

24   they are not provided with off-duty meal periods under Federal and State law, they must be

25   compensated for the on-duty meal periods, which brings their hours worked over eight per

26   day and forty per week, entitling the 24/7 employees to overtime compensation.

27   30.    Defendants never paid Plaintiffs, the Event Staff employees, or the 24/7 security staff

28   any premium wages for a missed or otherwise non-compliant meal or rest period. Despite

1  missing meal and rest periods essentially every day that they worked, Defendants never paid

2  Plaintiffs or the Event Staff or 24/7 premium wages for the missed and/or non-compliant meal

3  or rest periods. In fact, there was no method by which Plaintiffs and PCMs could even report

4  missed or non-compliant meal and/or rest periods.

5  31.    As a result, Plaintiffs and PCMs never received accurate paystubs, in that their

6  paystubs did not reflect the premium wages they should have been paid for missing meal

7  and rest periods. Furthermore, Plaintiffs and PCMs who were terminated were not paid all

8  wages due upon termination of their employment, as they were not paid the missed meal and

9  rest period premiums.

10                **COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**

11  32.    Plaintiffs Magee and Smith bring the First Count (the FLSA claim) as an "opt-in"

12  collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and a proposed

13  collective of similarly situated employees defined as:

14          All current and former non-exempt 24/7 security guard employees of
            Defendant AEG who worked a shift of at least eight hours at the Oracle
15          Arena and /or O.Co Coliseum during the time period three years prior to the
            filing of this complaint until resolution of this action. (the "Collective")
16

17  33.    Plaintiffs, individually and on behalf of other similarly situated persons defined above,

18  seek relief on a collective basis challenging Defendant's policies and practices of failing to

19  accurately record all hours worked and failing to properly pay Plaintiff for all hours worked,

20  including overtime compensation. The number and identity of other similarly situated persons

21  yet to opt-in and consent to be party-Plaintiffs may be determined from Defendant AEG's

22  records, and potential opt-ins may be easily and quickly notified of the pendency of this

23  action.

24  34.    Plaintiffs' claims for violations of the FLSA may be brought and maintained as an "opt-

25  in" collective action pursuant to § 216(b) of the FLSA because Plaintiffs' FLSA claims are

26  similar to the claims of the members of the Collective.

27  35.    The members of the Collective are similarly situated, as they have substantially similar

28  job duties and requirements and are subject to a common policy, practice, or plan that

1  requires them to perform work in excess of forty (40) hours per week which is not recorded
2  and without being paid overtime compensation in violation of the FLSA.

3  36.    Plaintiffs' claims are representative of the members of the Collective and are acting
4  on behalf of their interests as well as Plaintiffs' own interests in bringing this action.

5  37.    Plaintiffs will fairly and adequately represent and protect the interests of the members
6  of the Collective. Plaintiffs have retained counsel competent and experienced in employment
7  and wage and hour class action and collective action litigation.

8  38.    The similarly situated members of the Collective are known to Defendant AEG, are
9  readily identifiable, and may be located through Defendant AEG's records. These similarly
10  situated employees may readily be notified of this action, and allowed to "opt-in" to this case
11  pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for
12  unpaid wages, unpaid overtime compensation, liquidated damages (or, alternatively,
13  interest), and attorneys' fees and costs under the FLSA.

14  39.    Plaintiffs contemplate providing a notice or notices to all of the employees, as
15  approved by the Court, to be delivered through the United States mail. The notice or notices
16  shall, among other things, advise each of the FLSA employees that they shall be entitled to
17  "opt in" to the FLSA Action if they so request by the date specified within the notice, and that
18  any judgment on the FLSA Action, whether favorable or not, entered in this case will bind all
19  FLSA collective members who timely request inclusion in the class.

20  **CLASS ACTION ALLEGATIONS UNDER FED. R. CIV. P. 23**

21  40.    Plaintiff brings the Second through Seventh Counts (the California state law claims)
22  as an "opt-out" class action pursuant to Federal Rule of Civil Procedure 23. The California
23  Class is initially defined as:

24  > All current and former non-exempt security guard and/or crowd
   > management employees of Defendants who worked a shift of at least 3.5
25  > hours at the Oracle Arena and/or O.Co. Coliseum at any time during the
   > time period four years prior to the filing of this complaint, until resolution of
26  > this action. (the "Class")

27  41.    **Numerosity**: Defendants have employed hundreds of non-exempt security guards
28  and/or crowd management employees (including but not limited to both the 24/7 security and

CLASS AND COLLECTIVE COMPLAINT FOR WAGE AND HOUR VIOLATIONS                    9

1   Event Staff employees) at the Oracle Arena and O.Co. Coliseum during the applicable
2   statutory period. The number of Putative Class Members are therefore far too numerous to
3   be individually joined in this lawsuit.

4   42.    **Existence and Predominance of Common Questions**: There are questions of law
5   and fact common to Plaintiff that predominate over any questions affecting only individual
6   members of the Class. These common questions of law and fact include, without limitation:

7           a.     Whether Defendants fail to compensate Putative Class Members for all hours
8   worked, including overtime compensation, in violation of the Labor Code and Wage Orders;

9           b.     Whether Defendants fail to compensate Putative Class Members for all hours
10  worked in violation of Business and Professions Code §§ 17200 *et seq.*;

11          c.     Whether Defendants fail to authorize and permit, make available, and/or
12  provide Putative Class Members meal periods to which they are entitled in violation of the
13  Labor Code and Wage Orders;

14          d.     Whether Defendants fail to authorize and permit, make available, and/or
15  provide Putative Class Members meal periods to which they are entitled in violation of
16  Business and Professions Code §§ 17200 *et seq.*;

17          e.     Whether Defendants fail to authorize and permit, make available, and/or
18  provide Putative Class Members rest periods to which they are entitled in violation of the
19  Labor Code and Wage Orders;

20          f.     Whether Defendants fail to authorize and permit, make available, and/or
21  provide Putative Class Members rest periods to which they are entitled in violation of
22  Business and Professions Code §§ 17200 *et seq.*;

23          g.     Whether Defendants have a policy and/or practice of requiring Putative Class
24  Members to perform work off-the-clock and without compensation;

25          h.     Whether Defendants fail to provide Putative Class Members with timely,
26  accurate itemized wage statements in violation of the Labor Code and Wage Orders;

27          i.     Whether Defendants fail to pay Putative Class Members all wages due upon
28  the end of their employment in violation of the Labor Code and Wage Orders;

j.      Whether Defendants' failure to pay Putative Class Members all wages due upon the end of their employment has been an unlawful, unfair, or fraudulent business act or practice in violation of Business and Professions Code §§ 17200 *et seq.*; and

k.      The proper formula for calculating restitution, damages, and penalties owed to Plaintiffs and the Putative Class Members as alleged herein.

43.    **Typicality**: Plaintiffs' claims are typical of the claims of the Class. Defendants' common policies, practices, and course of conduct in violation of law as alleged herein have caused Plaintiffs to sustain the same or similar injuries and damages. Plaintiffs' claims are thereby representative of and co-extensive with the claims of the Class.

44.    Adequacy: Plaintiffs will fairly and adequately represent and protect the interests of the Class because Plaintiffs' interests do not conflict with the interests of the members of the Class they seek to represent. Plaintiffs have retained Counsel competent and experienced in complex employment and wage and hour class action litigation, and intends to prosecute this action vigorously. Plaintiffs and their Counsel will fairly and adequately protect the interests of the Class.

45.    Superiority: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all putative class members is not practicable, and questions of law and fact common to Plaintiffs and the Class predominate over any questions affecting only individual members of the Class. The injury suffered by each Putative Class Member, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Defendants economically feasible. Individualized litigation increases the delay and expense to all Parties and the Court. By contrast, class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

46.    In the alternative, the Class may be certified because the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class, and, in turn, would establish

1  incompatible standards of conduct for Defendant.

2  47.    Class treatment will allow those similarly situated persons to litigate their claims in the

3  manner most efficient and economical for the Parties and the judicial system.

4  48.    Plaintiffs know of no difficulty that would be encountered in the management of this

5  litigation that would preclude its maintenance as a class action.

6  49.    Plaintiffs intend to send notice to all Putative Class Members to the extent required

7  under applicable class action procedures. Plaintiffs contemplate providing a notice or notices

8  to the Class, as approved by the Court, to be delivered through the United States mail. The

9  notice or notices shall, among other things, advise the Class that they shall be entitled to "opt

10 out" of the class certified for the non-FLSA claims if they so request by a date specified within

11 the notice, and that any judgment on the non-FLSA claims, whether favorable or not, entered

12 in this case will bind all Putative Class Members except those who affirmatively exclude

13 themselves by timely opting out.

**FIRST CAUSE OF ACTION**
**Violation of the Fair Labor Standards Act**
**29 U.S.C. §§ 201, *et seq.***
**(By Plaintiffs Magee and Smith and the Collective against Defendant AEG**)

17 50.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth

18 herein.

19 51.    The FLSA requires that covered employees receive compensation for all hours worked

20 and overtime compensation not less than one and one-half times the regular rate of pay for

21 all hours worked in excess of forty hours in a work week. 29 U.S.C. § 207(a)(1).

22 52.    At all times material herein, Plaintiffs Magee and Smith and the Collective are covered

23 employees entitled to the rights, protections, and benefits provided under the FLSA.

24 53.    Defendant AEG is a covered employer required to comply with the FLSA's mandates.

25 54.    Defendant AEG has violated the FLSA with respect to Plaintiffs Magee and Smith and

26 the Collective, by, inter alia, failing to compensate Plaintiffs Magee and Smith and the

27 Collective for all hours worked and, with respect to such hours, failing to pay the legally

28 mandated overtime premium for such work and/or minimum wage. Defendant AEG has also

violated the FLSA by failing to keep required, accurate records of all hours worked by Plaintiffs Magee and Smith and the Collective. 29 U.S.C. § 211(c).

55.     Plaintiffs Magee and Smith and the Collective are victims of a uniform and company-wide policy. This uniform policy, in violation of the FLSA, has been applied to current and former non-exempt 24/7 security guards who worked for Defendant AEG at Oracle Arena and O.Co. Coliseum during the applicable statutory period.

56.     Plaintiffs Magee and Smith and the Collective are entitled to damages equal to the mandated pay, including minimum wage, straight time and overtime premium pay within the three years preceding the filing of the original complaint, plus periods of equitable tolling, because Defendant AEG has acted willfully and knew or showed reckless disregard for whether the alleged conduct was prohibited by the FLSA.

57.     Defendant AEG has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs Magee and Smith and the Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay, and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

58.     As a result of the aforesaid violations of the FLSA's provisions, pay, including minimum wage, straight time, and overtime compensation, has been unlawfully withheld by Defendant AEG from Plaintiffs Magee and Smith and the Collective. Accordingly, Defendant AEG is liable for unpaid wages, together with an amount equal as liquidated damages, attorneys' fees, and costs of this action.

59.     Wherefore, Plaintiffs and the Collective request relief as hereinafter provided.

**SECOND CAUSE OF ACTION**
**Failure to Authorize, Permit, and/or Make Available Meal and Rest Periods**
**(By All Plaintiffs and the California Class against All Defendants)**

60.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

61.     California Labor Code §§ 226.7 and 512 and the applicable IWC Wage Orders require Defendants to authorize, permit, and/or make available timely and compliant meal and rest

periods to its employees. Labor Code §§ 226.7 and 512 and the IWC Wage Orders prohibit employers from employing an employee for more than five hours without an off-duty meal period of not less than thirty minutes, and from employing an employee more than ten hours per day without providing the employee with a second off-duty meal period of not less than thirty minutes. Section 226.7 and the applicable Wage Orders also require employers to authorize and permit employees to take ten minutes of net rest time per four hours, or major fraction thereof of work, and to pay employees their full wages during those rest periods. Unless the employee is relieved of all duty during the thirty-minute meal period and ten-minute rest period, the employee is considered "on duty" and the meal or rest period is counted as time worked under the applicable wage orders.

62.     Under Labor Code § 226.7(b) and the applicable Wage Orders, an employer who fails to authorize and permit a required meal period must, as compensation, pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the meal period was not authorized and permitted. Similarly, an employer must pay an employee denied a required rest period one hour of pay at the employee's regular rate of compensation for each workday that the rest period was not authorized and permitted.

63.     Despite these requirements, Defendants have knowingly and willfully refused to perform its obligations to authorize and permit Plaintiffs and the Class to take the timely and compliant off-duty meal and rest periods to which they are entitled. Plaintiffs and the Class are routinely denied off duty rest periods and meal periods. Furthermore, Defendants knowingly compel Plaintiffs and the Class Members to falsely sign documents indicate that breaks were taken when they were not.

64.     Defendants have also failed to pay Plaintiffs and the Class one hour of pay for each untimely, non-compliant meal and/or rest period that they are denied.

65.     Defendants' conduct described herein violates California Labor Code §§ 226.7 and 512 and the applicable Wage Orders. Therefore, pursuant to Labor Code § 226.7(b), Plaintiffs and the Class are entitled to compensation for the failure to authorize and permit meal and rest periods, plus interest, expenses, and costs of suit.

66.   Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

### THIRD CAUSE OF ACTION
### Failure to Compensate for All Hours Worked
### (By All Plaintiffs and the California Class against All Defendants)

67.   Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

68.   California Labor Code § 1194(a) provides as follows:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

69.   California Labor Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation."

70.   Defendants required Plaintiffs and the Class to work off-the-clock without compensation for their work performed. In other words, Plaintiff and the Class were forced to perform work for the benefit of Defendant without compensation.

71.   Specifically, due to their failure to provide meal and rest periods, Defendants require Plaintiffs and the Class to perform work "off-the-clock" and without compensation.

72.   In violation of California law, Defendants knowingly and willfully refuse to perform their obligations to provide Plaintiff and the Class with compensation for all time worked. Therefore, Defendants committed, and continue to commit, the acts alleged herein knowingly and willfully and in conscious disregard of the Plaintiffs' and the Class's rights. Plaintiffs and the Class are thus entitled to recover nominal, actual, and compensatory damages in amounts according to proof at time of trial.

73.   As a proximate result of the aforementioned violations, Plaintiffs and the Class have been damaged in an amount according to proof at time of trial.

74.   Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

**FOURTH CAUSE OF ACTION**
**Failure to Pay Overtime Wages**
**(By All Plaintiffs and the California Class against All Defendants)**

75.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

76.    California Labor Code § 510(a) provides as follows:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

77.    California Labor Code § 1194(a) provides as follows:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

78.    California Labor Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation." All such wages are subject to California's overtime requirements, including those set forth above.

79.    Defendants' policy and practice of refusing to pay Plaintiff and the Class overtime compensation when they work in excess of eight hours in a day and/or forty hours in a week is unlawful. Plaintiffs and the Class have worked overtime hours for Defendants without being paid overtime premiums in violation of the California Labor Code, applicable IWC Wage Orders, and other applicable law.

80.    As alleged above, Defendants fail to provide meal and rest periods under applicable law, including failing to compensate them for on-duty meal periods. Defendants have,

therefore, knowingly and willfully refused to perform its obligations to compensate Plaintiffs and the Class for all premium wages for overtime work during shifts exceeding eight hours in a day. As a proximate result of the aforementioned violations, Defendants have damaged Plaintiffs and the Class in amounts to be determined according to proof at time of trial, but in an amount in excess of the jurisdictional requirements of this Court.

81.    Defendants are liable to Plaintiffs and the Class for the unpaid overtime and civil penalties, with interest thereon. Furthermore, they are entitled to an award of attorneys' fees and costs as set forth below.

82.    Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

**FIFTH CAUSE OF ACTION**
**Waiting Time Penalties Pursuant to Labor Code §§ 201-203**
**(By Plaintiffs Magee and Moore and the California Class)**

83.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

84.    Labor Code § 201 provides:

> If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

85.    Labor Code § 202 provides:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

86.    Labor Code § 203 provides, in relevant part:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

87.    Plaintiffs Magee and Moore and a substantial portion of the Putative Class Members have left their employment with Defendants during the statutory period, at which time Defendants owed them unpaid wages. These earned, but unpaid, wages derive from time

spent working through their meal and rest breaks and related unpaid premium wages.

88.     Defendants willfully refused, and continue to refuse, to provide Plaintiffs and the Class with overtime pay, meal and rest period premium pay, and with payment for unrecorded work performed. In particular, as alleged above, Defendants are aware that Plaintiffs and the Class are that Plaintiffs and the Class miss or have interrupted their meal and unpaid rest breaks as a result of Defendants' unlawful policies and practices, but Defendants nevertheless refuse to authorize premium pay for missed or interrupted meal and rest periods or compensation for the on-duty meal periods. Indeed, there is not even any method for reporting non-compliant meal or rest periods or seeking premium pay for same.

89.     Accordingly, Defendants willfully refused and continue to refuse to pay those members of the Class that left their employment with Defendants all the wages that were due and owing them upon the end of their employment. As a result of Defendants' actions, Plaintiffs and the Putative Class Members have suffered and continue to suffer substantial losses, including lost earnings and interest.

90.     Defendants' willful failure to pay the former employees the wages due and owing them constitutes a violation of Labor Code §§ 201-202. As a result, Defendants are liable to them for all penalties owing pursuant to Labor Code §§ 201-203.

91.     In addition, Labor Code § 203 provides that an employee's wages will continue as a penalty up to thirty days from the time the wages were due. Therefore, the former employees are entitled to penalties pursuant to Labor Code § 203, plus interest.

92.     Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

### SIXTH CAUSE OF ACTION
**Violations of Labor Code § 226 – Itemized Wage Statements**
**(By All Plaintiffs and the California Class against All Defendants)**

93.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

94.     Labor Code § 226(a) provides:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when

wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable piece-rate rates in effect during the pay period and the corresponding number of hours worked at each piece-rate rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least four years at the place of employment or at a central location within the State of California.

95.    Labor Code § 226(e) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

Plaintiff seeks to recover actual damages, costs, and attorneys' fees under this section.

96.    Defendants have failed to provide timely, accurate, itemized wage statements to Plaintiffs and the Class in accordance with Labor Code § 226(a) and the IWC Wage Orders. In particular, the wage statements the Defendants provides its employees, including to Plaintiff and the Class, do not accurately reflect the actual hours worked, actual gross wages earned, or actual net wages earned. This is because, in part, Defendant manipulates the time records with respect to purported rest and meal periods, and because there are no premium wages for non-compliant/missed meal and rest periods.

97.    Defendants' failure to comply with Labor Code § 226(a) was and continues to be knowing and intentional. Although, as alleged herein, Defendants were aware that Plaintiffs and the Class were not provided with timely compliant off duty rest and meal periods, this time worked and related required pay in Plaintiffs' wage statements.

98.    Plaintiffs and the Class have suffered injury as a result of Defendants' knowing and

1    intentional failure to provide timely, accurate itemized wage statements to Plaintiffs and the

2    Class in accordance with Labor Code § 226(a). In particular, the injury stemming from

3    Defendants' violations is evidenced by this live and active dispute regarding unpaid wages,

4    including, overtime pay, between the Parties. As a result of Defendants' violations, Plaintiffs

5    and the Class are required to undertake the difficult and costly task of attempting to

6    reconstruct Defendants' incomplete and inaccurate time and pay records to ensure that they

7    are paid for all hours worked as required by California law.

8    99.    Defendants are liable to Plaintiffs and the Class alleged herein for the amounts

9    described above in addition to the civil penalties set forth below, with interest thereon.

10   Furthermore, Plaintiffs and the Class are entitled to an award of attorneys' fees and costs as

11   set forth below.

12   100.   Wherefore, Plaintiffs and the Class pray for relief as set forth below.

13                              **SEVENTH CAUSE OF ACTION**
     **Violation of California Business and Professions Code §§ 17200, *et seq.***
14          **(By All Plaintiffs and the California Class against All Defendants)**

15   101.   Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth

16   herein.

17   102.   California Business and Professions Code §§ 17200, et seq. prohibits unfair

18   competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

19   103.   California Business and Professions Code § 17204 allows a person injured by the

20   unfair business acts or practices to prosecute a civil action for violation of the UCL.

21   104.   Labor Code § 90.5(a) states it is the public policy of California to vigorously enforce

22   minimum labor standards in order to ensure employees are not required to work under

23   substandard and unlawful conditions, and to protect employers who comply with the law from

24   those who attempt to gain competitive advantage at the expense of their workers by failing

25   to comply with minimum labor standards.

26   105.   Beginning at an exact date unknown to Plaintiffs and the Class, but at least since the

27   date four years prior to the filing of this suit, Defendants have committed acts of unfair

28   competition as defined by the Unfair Business Practices Act by engaging in the unlawful,

1   unfair, and fraudulent business acts and practices described in this Complaint, including, but
2   not limited to:

3       a.    violations of Labor Code § 1194 and IWC Wage Orders pertaining to the
4   payment of wages;

5       b.    violations of Labor Code § 510 and applicable IWC Wage Orders pertaining to
6   overtime;

7       c.    violations of Labor Code §§ 226.7 and 512 and IWC Wage Orders pertaining
8   to meal and rest breaks

9       d.    violations of Labor Code §226 pertaining to wage statements; and

10      e.    violations of Labor Code §§ 201-203.

11  106.   The violations of these laws and regulations, as well as of the fundamental California
12  public policies protecting wages and discouraging overtime labor underlying them, serve as
13  unlawful predicate acts and practices for purposes of Business and Professions Code §§
14  17200, et seq.

15  107.   The acts and practices described above constitute unfair, unlawful, and fraudulent
16  business practices, and unfair competition, within the meaning of Business and Professions
17  Code §§ 17200, et seq. Among other things, the acts and practices have taken from Plaintiffs'
18  and the Class's wages rightfully earned by them, while enabling the Defendants to gain an
19  unfair competitive advantage over law-abiding employers and competitors.

20  108.   Business and Professions Code § 17203 provides that the Court may make such
21  orders or judgments as may be necessary to prevent the use or employment by any person
22  of any practice which constitutes unfair competition.

23  109.   As a direct and proximate result of the aforementioned acts and practices, Plaintiffs
24  and the Class have suffered a loss of money and property, in the form of unpaid wages which
25  are due and payable to them.

26  110.   Business and Professions Code § 17203 provides that the Court may restore to any
27  person in interest any money or property which may have been acquired by means of such
28  unfair competition. Plaintiffs and the Class are entitled to restitution pursuant to Business and

1   Professions Code § 17203 for all wages and payments unlawfully withheld from employees

2   during the four-year period prior to the filing of this Complaint.

3   111.   Plaintiffs' success in this action will enforce important rights affecting the public interest

4   and, in that regard, Plaintiffs sue on behalf of themselves and others similarly situated.

5   Plaintiffs and the Class seek and are entitled to unpaid wages (including premium wages),

6   declaratory relief, and all other equitable remedies owing to them.

7   112.   Plaintiffs herein takes upon themselves enforcement of these laws and lawful claims.

8   There is a financial burden involved in pursuing this action, the action is seeking to vindicate

9   a public right, and it would be against the interests of justice to penalize Plaintiffs by forcing

10  them to pay attorneys' fees from the recovery in this action. Attorneys' fees are appropriate

11  pursuant to Code of Civil Procedure § 1021.5 and otherwise.

12  113.   Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

13  **<u>PRAYER FOR RELIEF</u>**

14  WHEREFORE, Plaintiffs, the Collective, and the Class pray for relief as follows:

15  a.   Damages and restitution according to proof at trial for all unpaid wages and

16  other injuries, as provided by the California Labor Code;

17  b.   For a declaratory judgment that Defendants have violated the California Labor

18  Code and public policy as alleged herein;

19  c.   For a declaratory judgment that Defendants have violated Business and

20  Professions Code §§ 17200, *et seq.*, as a result of the aforementioned

21  violations of the Labor Code and of California public policy protecting wages;

22  d.   For a declaratory judgment that Defendant AEG has violated the Fair Labor

23  Standards Act as alleged herein;

24  e.   For an equitable accounting to identify, locate, and restore to all Plaintiffs and

25  Putative Class Members the wages they are due, with interest thereon;

26  f.   For an order awarding Plaintiffs, the Collective, and the Class liquidated and

27  compensatory damages, including lost wages, earnings, and other employee

28  benefits, restitution, and all other sums of money owed to Plaintiffs, the

1  Collective, and the Class, together with interest on these amounts, according

2  to proof;

3  g.  For an order awarding Plaintiffs and the Class civil penalties pursuant to the

4  Labor Code provisions cited herein, with interest thereon;

5  h.  For an award of reasonable attorneys' fees as provided by the California Labor

6  Code, California Code of Civil Procedure § 1021.5, and/or other applicable law;

7  i.  For all costs of suit;

8  j.  For interest on any damages and/or penalties awarded, as provided by

9  applicable law; and

10  k.  For such other and further relief as this Court deems just and proper.

11  **<u>DEMAND FOR JURY TRIAL</u>**

12  Plaintiffs hereby demand a jury trial on all claims and issues for which Plaintiffs, the

13  Collective, and/or the Class are entitled to a jury.

14  Respectfully submitted,

15

16

17  Date:  May 8, 2017                                    HOYER & HICKS

18

19                                                                   Ryan L. Hicks

                                                                     Attorney for Plaintiffs

20                                                                   DAWN MAGEE, KIESHA MOORE, and

                                                                     ROBERT SMITH

21

22

23

24

25

26

27

28